IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>  v.<br><br>OMAR WARD,<br><br>        Defendant.<br>_____ / | No. C 06-00380 SI<br><br>**ORDER DENYING MOTION FOR SENTENCE REDUCTION** |

Currently before the Court is defendant's motion for a modification or reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). On October 12, 2007, this Court sentenced Omar Ward to 90 months in prison after he pled guilty to one count of possession of cocaine with intent to distribute at least five grams of cocaine base. In his plea agreement, Mr. Ward admitted that he possessed with intent to distribute approximately 39 grams of cocaine base. Docket No. 52 , Ex. B. Based on that quantity, the plea agreement calculated Ward's sentence offense level as 27 (including a subtraction for acceptance of responsibility). *Id.* However, the plea agreement noted that his sentence may be increased if he was found to be a career offender. *Id*. At sentencing, the Court determined that Mr. Ward was a career offender who fell into Criminal History Category VI and that, before a three-point reduction for acceptance of responsibility, had an offense level of 34, creating a sentencing range of 188 to 235 months. The Court departed from that range and imposed a sentence of 90 months.

On June 3, 2011, defendant filed a motion seeking a reduction in his sentence in light of the Sentencing Commission's retroactive amendments to the crack cocaine guidelines, effective November 1, 2011. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010); United States Sentencing Guidelines Manual § 2D1.1 (2011); United States Sentencing Commission, 76 Fed. Reg. 41,332 (July 13, 2011) (on retroactivity). Under the amended Guidelines, Mr. Ward's base offense level

is calculated at 26 and adjusted to 23 with his acceptance of responsibility. *See* Probation Office Sentence Reduction Investigation Report. The amendments, however, do not change Mr. Ward's "total offense level" which remains at 34 in light of his status as a career offender. *Id.*

As the Probation Office notes, Mr. Ward is not entitled to a reduction because the Sentencing Commission made eligibility for sentencing reductions dependent entirely on a defendant's *pre-departure* offense level and criminal history category. *Id.*; *see also* United States Sentencing Guidelines Manual § 1B1.10 Application Note 1(A). "'[T]he only applicable guideline range'" that matters now in determining whether an amendment applies "'is the one established before any departures.'" United States Sentencing Commission, 76 Fed. Reg. 41,332, 41,334 (July 13, 2011) (quoting *United States v. Guyton*, 636 F.3d 316, 320 (7th Cir. 2011)). This Court is required to follow the Sentencing Commission's direction with respect to sentence-modification proceedings authorized by § 3582(c)(2). *See Dillon v. United* States, 130 S. Ct. 2683, 2693 (2010).

Mr. Ward asserts that when he was originally sentenced, the Court found that a significant downward departure was warranted, and by doing do found that Ward should not be treated as a career offender for sentencing purposes. *See, e.g., United States v. Allen*, 2009 U.S. Dist. LEXIS 35093 (N.D. Cal. Apr. 8, 2009) (granting motion to resentence where at original sentencing Court departed from career offender sentencing range – as it overrepresented defendant's criminal history and seriousness of current offense – to the guideline range for the substantive offense). Here, however, the Court did not find that Ward should not be treated as a career offender. Rather, the Court found a significant departure from the guideline range was warranted based on other factors. *See* Defendant's Sentencing Memorandum at 1.

As Mr. Ward's originally calculated offense level derived from the career offense guidelines and not the crack cocaine guidelines, he is not eligible for a reduction based on the new crack cocaine guidelines. *See, e.g., United States v. Wesson*, 583 F.3d 728 (9th Cir. 2009). Mr. Ward's motion is DENIED.

**IT IS SO ORDERED.**

Dated: January 8, 2012

SUSAN ILLSTON
United States District Judge

2